Mark A. O'Connor, Esq. #148856
LAW OFFICES OF MARK A. O'CONNOR
A Professional Corporation
100 Clock Tower Place, Suite 110
P.O. Box 221190
Carmel, CA 93922-1190
Telephone:     (831) 250-7011
Facsimile:     (831) 886-1688

Attorneys for Plaintiff and Relator
CAROLINA MARION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA, *ex rel.*
CAROLINA MARION,

       Plaintiff,

v.

HEALD COLLEGE, LLC; CORINTHIAN
COLLEGES, INC.; EEVA DESHON;
BARBARA GORDON; TERRY RAWLS;
KAREN ROSE,

       Defendants.

_____/

Case No.  CV12-02067 -PSG

**SUPPLEMENTAL REQUEST FOR
JUDICIAL NOTICE**

Date:        May 5, 2015
Time:        8:30 a.m.
Courtroom:    5

       Pursuant to Federal Rule of Evidence 201, Plaintiff/Relator Carolina Marion requests this

Court take judicial notice of Exhibits 12 and 13 in connection with Defendants' Motion to Dismiss

First Amended Complaint.

       Rule 201(b) provides:

       The Court may judicially notice a fact that is not subject to reasonable dispute
because it:

           (1)     is generally known within the trial court's territorial jurisdiction; or

           (2)     can be accurately and readily determined from sources whose accuracy
cannot be reasonably questioned.

Judicial notice should be granted for each of the following exhibits and reasons:

**12.     Defendants' Opposition to Plaintiffs/Relators' Motion for Transfer of Actions.**

Judicial notice should be taken of the Defendants' Opposition to Plaintiffs/Relators' Motion for Transfer of Actions ("Opposition to Transfer of Actions") because it contains the admissions and concessions of the defendants which undermine and invalidate arguments they make before this Court.  By their filing in a related action, Case MDL No. 2630, defendants concede that the *Marion* qui tam action arising from enrollment fraud at the Heald College Salinas, California campus is not sufficiently related to other qui tam actions to support the first-to-file bar being asserted in this action.

As defendants state in the Opposition to Transfer Actions they filed on April 7, 2015 in Case MDL No. 2630, none of the various qui tam actions to which defendants make reference in their motion to dismiss before this Court "derives its allegations of purported fraud from the same campus" and only Marion "alleges wrongdoing in California.  The other three cases focus almost solely on campuses in Georgia, Virginia, and Florida."  (Opposition to Transfer of Actions, at 2.) Moreover, Marion is the only case involving fraud at Heald College, an institution with a Board of Trustees separate from the Corinthian Colleges, Inc.  entity.  In contrast, the other cases involve distinct schools at a separate institution: Everest.  Further, as defendants concede, the form of fraud is different.  In the defendants' own words:

> Relators in the *Salazar* [*v.  Corinthian Colleges, Inc.*, Case No.  07-cv-1984 (N.D. Ga.)] matter filed a complaint on January 6, 2011 in the Northern District of Georgia alleging that they 'stumbled' on a scheme to falsify placement records for graduates of a Jonesboro, Georgia [Everest] campus. The *Hays* [*v.  Corinthian Colleges, Inc.*, Case No.  11-cv-1395 (C.D. Cal.)] complaint was filed in the Central District of California on September 12, 2011 and alleged that the relator discovered falsified attendance records for students enrolled in an Arlington, Virginia [Everest] campus, which purportedly resulted in the continued enrollment of students who should have been withdrawn. The *Andrews* [*v.  Corinthian Colleges, Inc.*, Case No. SACV 11-1675 (C.D. Cal)] complaint, filed on November 1, 2011 in the Central District of California, alleges that officials at a Largo, Florida [Everest] campus falsified attendance records for students who would otherwise become ineligible for financial aid, and misled students and applicants about the nature of the programs they offered. And the *Marion* complaint, filed in the Northern District of California on April 24, 2012, alleges that a [Heald College] campus in Salinas, California falsified student records, enrolled ineligible students, provided improper incentive compensation to recruiters, and improperly inflated grades.

(Opposition to Transfer of Actions, at 2-3.)

As defendants concede, *Marion* is the only case involving enrollment fraud and the only case

1  which alleges the falsification of student records for the purpose of enrollment.  As defendants

2  further concede, Carolina Marion is the only relator with a qui tam case against Heald College and

3  whose claims arise from fraud of the Heald College institution.

4      Because defendants' Opposition to Transfer of Actions is directly relevant to the issues raised

5  in defendants' motion to dismiss and because it contains defendants' own admissions conceding the

6  fallacy or weakness in their pending motion to dismiss, judicial notice is appropriate.

7      **13.**    **United States Department of Education Notice of Intent to Fine Heald College.**

8      Judicial notice should be taken of the April 14, 2015 United States Department of Education

9  Notice of Intent to Fine Heald College ("U.S. Department of Education Notice") because it proves

10  defendants are obligated to maintain backup documentation to prove the truth of what Heald College

11  electronically reports and shows that the electronic reports made by Heald College are false or

12  misleading.  (See U.S. Department of Education Notice at 10.)

13      As Marion alleges in her complaint, defendants conducted a fraudulent scheme of

14  maintaining false student profiles in the electronic database they used to submit claims for Title IV

15  funds.  Defendant Heald College along with its President Eeva Deshon, Vice Presidents Barbara

16  Gordon and Terry Rawls and Director of Registrars Karen Rose, claim the maintenance of accurate

17  records, or even backup documentation showing the eligibility of students for enrollment,  is

18  immaterial.  (See Notice of Motion and Motion to Dismiss First Amended Complaint at 14:2-25;

19  Defendants' Reply in Support of Motion to Dismiss First Amended Complaint, at 12.)

20      Because the U.S. Department of Education Notice is directly relevant to the issues raised in

21  defendants' motion to dismiss and because it confirms the defendants' obligation to maintain

22  accurate and truthful backup documentation, judicial notice is appropriate.  The U.S. Department

23  of Education Notice also shows that the United States government has found a pattern or practice

24  of Heald College making false or misleading statements as shown by the Heald College backup

25  documentation (or lack thereof).  Because defendants contend Marion's similar allegations about

26  backup documentation and Heald College misrepresentations to the government could not be

27  ///

28  ///

1  "plausible", judicial notice is appropriate for consideration of the plausibility of Marion's claims

2  (and defendants' arguments for dismissal).

3  DATED:  April 26, 2015.                    LAW OFFICES OF MARK A. O'CONNOR

4

5                                             By____/s/ Mark A. O'Connor_____

6                                                 Mark A. O'Connor, Esq.
                                                  Attorneys for Plaintiff and Relator
                                                  CAROLINA MARION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28