UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. CAROLINA MARION,<br><br>                Plaintiff,<br><br>     v.<br><br>HEALD COLLEGE, LLC, et. al.,<br><br>                Defendants. | Case No. 5:12-cv-02067-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(Re: Docket No. 86)** |

Acting on behalf of the United States, Plaintiff Carolina Marion brought this suit under the False Claims Act against Defendants Heald College, LLC, Corinthian Colleges, Inc. and four Heald administrators—Eeva Deshon, Barbara Gordon, Terry Rawls and Karen Rose (the "Individual Defendants").[1]  The court dismissed Marion's First Amended Complaint because its allegations were not materially different from those in prior suits.[2]  In response, Marion amended her complaint to add a new relator—Christi Hays, the relator from one of these earlier suits.[3]

---

[1] *See* Docket No. 82 at ¶¶ 11-25.

[2] *See* Docket No. 81.

[3] *See* Docket No. 82.

**United States District Court**
For the Northern District of California

1    Once again, the Individual Defendants move to dismiss.  Once again, the court GRANTS

2 the Individual Defendants' motion.  It does so for the same reason: the unavoidable plain language

3 of the Act's first-to-file rule.[4]

4    "When a person brings an action under [the False Claims Act], no person other than the

5 Government may intervene or bring a related action based on the facts underlying the pending

6 action."[5]  This rule creates a jurisdictional bar on successive related complaints under the Act.[6]

7 "[T]he facts underlying the later-filed compliant need not be 'identical' to those underlying the

8 earlier-filed complaint for the later complaint to be barred."[7]  All that is required is that the two

9 complaints share "the same material elements of fraud."[8]

10    In granting the previous motion to dismiss, the court noted that Hays' case was pending,

11 along with several others,[9] even though by then they already had been stayed due to Corinthian's

12 bankruptcy.  Applying the above standard, the court held that Marion's previous complaint did not

13 allege any material facts that were not alleged in the earlier cases.[10]  Specifically, Marion's

14 allegations of enrollment fraud were not materially different from Hays' allegations of attendance

15 fraud.[11]

[4] *See* 31 U.S.C. § 3730(b)(5).

[5] *Id.*

[6] *See United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1130 (9th Cir. 2015) (en banc) (citing *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186-87 (9th Cir. 2001)).

[7] *Id.* (quoting *Lujan*, 243 F.3d at 1183).

[8] *Lujan*, 243 F.3d at 1189.

[9] *See* Docket No. 81 at 3-4.

[10] *See id.* at 5.

[11] *See id.* at 5-8.  Marion and Hays urge the court to "reconsider" this finding in light of *Hartpence*. Docket No. 88 at 6-7.  This request is procedurally improper under Civ. L.R. 7-9.  It is also unwarranted on the merits.  *Hartpence* was issued before the court's previous order, and it did not change the law governing the first-to-file rule.  *See Hartpence*, 792 F.3d at 1131 (citing *Lujan* extensively to explain the first-to-file rule and reversing a district court's application of that rule).

Case No. 5:12-cv-02067-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

United States District Court
For the Northern District of California

1   Adding Hays and her allegations to the complaint does not change this analysis.  Hays' case

2   is still pending.  Marion has added no new allegations other than those that Hays already brought in

3   her own case,[12] so the court has already found that the complaints are related.  In this situation,

4   Congress has commanded that "no person other than the Government"—including Marion and

5   Hays—"may intervene or bring a related action."[13]  The Ninth Circuit has held that this provision's

6   "plain language does not contain exceptions."[14]  Inexorably, the first-to-file rule still applies, and

7   the court still has no subject matter jurisdiction over the Second Amended Complaint.

8   Dismissal without leave to amend is only appropriate if it is clear that the complaint could

9   not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by

10  amendments previously allowed."[15]  Because the court previously provided Marion with leave to

11  amend the identified flaw, but it remains in her Second Amended Complaint, the court is persuaded

12  that additional amendment would be futile.  Marion and Hays also did not argue for leave to amend

13  in their opposition to the instant motion.  Leave to amend is therefore DENIED.  The court will

14  issue judgment in Defendants' favor.

15  **SO ORDERED.**

16  Dated: September 30, 2015

17  
18  PAUL S. GREWAL
    United States Magistrate Judge

19

20

21

22

23

---

24  [12] *See* Docket No. 53; Docket No. 57-1, Ex. 2; Docket No. 82.

25  [13] 31 U.S.C. § 3730(b)(5).

26  [14] *Lujan*, 243 F.3d at 1187.

27  [15] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

28

Case No. 5:12-cv-02067-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT